IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY REID *et al.*,       Plaintiffs, | : : : | |
| v. | : : | CIVIL ACTION NO. 21-5108 |
| JOHN WETZEL, *et al.* | : | |

MCHUGH, J.                                                                                                                August 9, 2022

**<u>MEMORANDUM</u>**

The issue presently before me is whether individual prisoners who are not proceeding *in forma pauperis* and are joined in a civil suit must each pay an individual filing fee, or whether one filing fee is sufficient to meet the obligations of the parties not eligible to proceed IFP. This question arises because of certain limitations imposed on prisoners who proceed IFP under the Prison Litigation Reform Act (PLRA).

Here, multiple prisoner plaintiffs filed a complaint against Pennsylvania Department of Corrections officials. ECF 2. Some Plaintiffs filed a motion for IFP status. ECF 1. A 30-day defect order was entered because several prisoners had not moved for IFP status, had not submitted an account statement, or had not signed the complaint. ECF 41. An Order and Amended Order were then entered denying the IFP applications of several plaintiffs because they had sufficient

funds to pay the filing fee to commence the case.[1]  ECF 44, 47.  In the Amended Order, the Court directed the payment of one filing fee of $402, without specifying how these non-IFP plaintiffs, or any other persons listed in the Complaint, should assume responsibility for the payment. The Clerk of Court then received a payment of $402 from Plaintiff Richard Laird, and thereafter received additional filing fees from other Plaintiffs who had been denied IFP status. Following that, upon review of the docket, the Court ordered that the filing fees received after Mr. Laird's fee be returned to the Plaintiffs who had submitted them.  ECF 49.

The Commonwealth has moved for reconsideration of the order refunding the Plaintiffs' filing fees and requested that each litigant individually satisfy the filing fee.  ECF 50.  In response, the Court vacated the prior order that certain payments be refunded pending further consideration. ECF 51.  The precise question is whether each non-IFP prisoner plaintiff is required to pay the filing fee, or if full payment by one non-IFP prisoner plaintiff is sufficient.  I conclude that full payment by one non-IFP prisoner plaintiff is sufficient.  As a result, the payments received by the Court after the initial $402 must be refunded to the other non-IFP prisoner plaintiffs.

The PLRA provides that where IFP status is granted under 28 U.S.C. § 1915, "[] if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).  The Commonwealth relies upon *Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009) to argue that each prisoner must individually satisfy the filing fee.  There, the Third Circuit was confronted with the question of whether prisoners granted IFP status are barred by the PLRA from Rule 20 joinder as a matter of law.  570 F.3d at 149.  The Court held that "prisoner litigants may not be categorically precluded from joining as

---

[1] The motions to proceed *in forma pauperis* filed by Aaron Jones, Michael Pruitt and Richard Laird were denied. ECF 44. In the amended order, Jakeem Towles' motion to proceed *in forma pauperis* was also denied. ECF 47.

plaintiffs under Rule 20" because PLRA's requirements can still be met by "requiring each joined prisoner to pay the full individual fee." *Id*. At 155. "Nothing in the PLRA demonstrates that Congress intended to alter the plain language of Rule 20, and that conditions of incarceration should not be considered in disregarding the unambiguous language of the rule." *Id.* at 152. The Third Circuit reasoned as follows:

> Since the PLRA does not even address permissive joinder, much less cover the whole subject area, we cannot conclude that the later statute repealed Rule 20 unless the two provisions are in irreconcilable conflict. The plain language of § 1915(b)(1) can be read in complete harmony with Rule 20 by requiring each joined prisoner to pay the full individual fee. As the Seventh Circuit reasoned [in *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004)], taking "§ 1915(b)(1) at face value," the requirement for each prisoner to pay a full fee is simply one price that a prisoner must pay for IFP status under the PLRA.

*Id.* at 155.

Quoting this language from *Hagan*, the Commonwealth contends that "[b]ecause the Third Circuit has previously held that multiple prisoner litigants proceeding under the requirements of the PLRA while also joined under F.R.C.P. 20 should be required to individually satisfy the filing fee, this Court should reconsider the amended order of February 8, 2022" in which it ordered that the additional filing fees be refunded. ECF 50-1 at 5. *Hagan* cannot be interpreted so broadly. The Third Circuit made clear that *IFP prisoners* who seek to join in a group complaint must still pay a fee under the PLRA. But that is not at issue here, where certain of the Plaintiffs were not granted IFP status. Nowhere did the Third Circuit reason that all prisoners—even those who are not granted IFP status—must individually pay the filing fee in full when joined in an action. Here, one non-IFP prisoner paid the filing fee in full and thus satisfied the payment required to commence a civil lawsuit. Neither the PRLA nor *Hagans* imposes any greater requirement as to non-IFP plaintiffs.

3

Pursuant to the Prison Litigation Reform Act, as construed by *Hagan,* the plaintiffs granted IFP status must pay the full filing fee in installments. [2]

An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge

---

[2] The Circuit also concluded that requiring each IFP prisoner to pay the full fee "can also be read in harmony with § 1915(b)(3), which provides that "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement" of a civil action or appeal. 28 U.S.C. § 1915(b)(3). That is so because Section 1915(b)(3) must be read in the context of § 1915(b) as a whole.  Nothing in § 1915(b) mentions joinder or indicates that Congress intended § 1915(b)(3) to serve as a bar to the collection of multiple individual fees from IFP plaintiffs in a joint litigation.
.